[No. 21082.  Department One.  August 8, 1928.]

NORTH PACIFIC TRADING & PACKING COMPANY,
*Respondent*, v. H. K. MAR DONG,
*Appellant*.[1]

[1] ACCOUNT, ACTION ON (3)—EVIDENCE.  In an action on account,
the allowance of items of expense are sufficiently sustained by
evidence of an itemized statement of the cost, and that the same
were paid by plaintiff.

Appeal from a judgment of the superior court for
King county, Beals, J., entered September 13, 1927, in
an action on contract, tried to the court.  Affirmed.

*Paul W. Houser* and *E. C. Million,* for appellant.
*Wright, Froude, Allen & Hilen,* for respondent.

MITCHELL, J.—In 1925, the North Pacific Trading &
Packing Company of San Francisco, California, and
H. K. Mar Dong of Seattle, Washington, entered into
a written agreement by which Mar Dong was to furn-
ish all labor necessary in the operation of the com-
pany's cannery at Klawack, Alaska, during the fishing
and canning season of that year, under the general di-
rection of the company's superintendent at the can-
nery.  While operations under the agreement were in
progress, the United States Fisheries Board ordered
a closed season on salmon fishing in the waters of
Alaska from August 22, to September 15, that year.
Upon the order closing the season for that period of
time, a number of the employees at the cannery furn-
ished by Mar Dong quit the work for that year.  The
company's superintendent then made arrangements
with Mar Dong's foreman at the cannery by which the
remaining employees of Mar Dong, together with na-
tive or local help, should operate the cannery, at re-

[1]Reported in 269 Pac. 833.

duced capacity, after September 15, 1925, during the remainder of the general fishing and canning season that year, the company, rather than Mar Dong, paying that native or local help reasonable prices.

Partial payments were made from time to time by the company to Mar Dong and at the close of the season a dispute arose between them over the account. A representative of the company attempted in Seattle to adjust the matter with Mar Dong, the representative at that time being unaware of a certain payment of $1,500 that had been made by the company from its home office in San Francisco. Upon considering the $1,500 payment that had been overlooked, the controversy over the account was renewed, and resulted in this suit by the company for overpayment by mistake and for a settlement of the account between the parties. The trial to the court without a jury resulted in findings and judgment for the plaintiff, from which the defendant has appealed.

In the light of the evidence, the assignments of error present only questions of fact. The parties went fully into the matter of the account between them, and the record satisfies us that the findings and judgment are supported by a preponderance of the evidence.

[1] Appellant contends that he was not chargeable with the costs to the respondent of the native help at the cannery, after the short closed season, and that there was no proof that the company had paid such help. However, the appellant demanded, and at the trial was allowed, the general contract price for all salmon caught and put in cases, whether performed while appellant furnished all the help before the short closed season or thereafter when he furnished only a part of the help. Appellant continued to furnish a part of his employees in work at the cannery during operations after the short closed season, and if he accepts

the benefits of such operation, he must assume its burdens.  While as to there being no proof of paying the native or local help now charged against the contract price of the output of the cannery for that period of time, the respondent, by one of its officers, produced and introduced in evidence an itemized statement of those costs, and testified that the company had paid them.

Another item objected to by appellant is $192 paid for employer's liability insurance.  Article 23 of the written contract between the parties provided for liability insurance at the expense of the appellant.  The respondent paid the premium and it was properly charged against the appellant in the accounting between them.

Affirmed.

FULLERTON, C. J., PARKER, FRENCH, and TOLMAN, JJ., concur.